McMahon, Respondent, vs. The Ida Mining Company, Appellant.

*October 13 — November 1, 1898.*

*Master and servant: Negligence: Fellow-servants.*

1. In an action by an employee against the owner of a zinc mine for an injury caused by the explosion of a charge in such mine, the evidence tended to show that the plaintiff had had many years experience in working in such mines; that, at the place where the

McMahon vs. The Ida Mining Co.

accident occurred, three out of the six holes previously drilled in the forehead of the mine had failed to explode, and wires from twelve to eighteen inches in length were sticking out from them, but one of such wires had been removed without the knowledge of the defendant's shift boss before he set the plaintiff and his working partner to blasting there; that the shift boss, at that time, informed them that there were some holes there unexploded; and that they started to drill in the hole from which the wire had been so removed, supposing it to be the butt of an old hole, when the charge exploded, injuring the plaintiff. *Held*, that if the wire was there when the shift boss last saw it, and he had no reason to believe it had been removed, the defendant was not liable.

2. In such a case there was evidence that when plaintiff and his working partner were about to commence blasting on the forehead in question, one R. informed both of them that there were three holes in the forehead which had missed. *Held*, that the refusal to submit for special verdict, upon request. the question whether R. so informed plaintiff and his working partner, *or either of them*, was error, although one of the questions submitted covered the point so far as plaintiff himself was concerned.

APPEAL from a judgment of the circuit court for La Fayette county: GEO. CLEMENTSON, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Spensley & McIllhon, Aldro Jenks*, and *H. C. Martin*, and oral argument by *Aldro Jenks.*

For the respondent there was a brief by *Orton & Osborn* and *J. B. Simpson*, and oral argument by *P. A. Orton.*

CASSODAY, C. J. This action is brought to recover damages for personal injuries sustained by the plaintiff while in the employ of the defendant and engaged in blasting rocks in the defendant's mine. The facts and circumstances under which the injury occurred sufficiently appear in the report of the case when here before on an appeal from a judgment of nonsuit. 95 Wis. 308.

At the close of the trial the jury returned a special verdict to the effect (1) that Thomas Cadden, the shift boss of the defendant's mine, knew or had good reason to believe

when he directed the plaintiff and Hugh Cadden to go to work on the forehead of the mine that there were three unexploded holes in the forehead that were charged with dynamite powder; (2) that said shift boss knew where in the forehead the three unexploded holes were at the time he directed the plaintiff and Hugh Cadden to go to work at the forehead; (3) that, when said shift boss so directed the plaintiff and Hugh Cadden to go to work where the three unexploded holes were, he did not inform the plaintiff that there were three holes at that place charged and unexploded; (4) that the shift boss did not inform Hugh Cadden, at the time he so directed him and the plaintiff to go to work at the forehead, that there were three unexploded holes there, which had been charged with dynamite powder; (4½) that the shift boss did know, or could have ascertained, before the accident, by the exercise of ordinary care, that there was an unexploded blast in the hole in which the plaintiff and Hugh Cadden testified they were drilling at the time of the accident; (5) that the shift boss, when he directed the plaintiff to work in the forehead, did not give him such warning concerning unexploded holes there as, under all the circumstances, and his knowledge of the place, and his knowledge of the appearance and condition of the unexploded holes, was reasonably necessary and proper to inform the plaintiff of the dangers and hazards of the place; (6) that the failure of the shift boss to give the plaintiff proper warning of danger when he sent him to work at the forehead was the proximate cause of the injury to the plaintiff; (7) that the plaintiff knew from personal examination, or from information received by him before he commenced to work at the forehead, that there were two holes charged with dynamite powder, and unexploded, at that place, and that he and his working partner, Hugh Cadden, proceeded to explode them; (8) that after exploding such two holes the plaintiff did not know, nor had he been informed by any one before the explosion,

that there was at that place a third unexploded hole, charged with dynamite powder; (9) that there was not anything in the character, condition, or appearance of the hole where the plaintiff and his partner began to drill, after exploding the two holes mentioned, to indicate to a miner of ordinary skill and prudence that the hole they were drilling was not the butt of a hole, but was a hole charged and unexploded; (9½) that the plaintiff did not know, nor could he have ascertained, before the explosion, by the exercise of ordinary care, that there was an unexploded blast in the hole in which he and Hugh Cadden testified they were drilling at the time of the accident; (10) that the negligence of the plaintiff did not contribute to cause the explosion that crippled him; (11) that they assessed the plaintiff's damages at $4,000.

From the judgment entered thereon upon such verdict, for the amount stated and costs, the defendant appeals.

The parties concerned all appear to have had large experience in such mining. The plaintiff had worked in the defendant's mine about four weeks, and had been in the business for sixteen years, and had acted as shift boss in another mine. Hugh Cadden, who was working with him at the time of the accident, and hence was called his "working partner," had had eleven years' experience in such mining. The accident occurred on the morning of July 18, 1894. There is evidence tending to prove that July 1, 1894, six holes were drilled in the forehead in question, near each other, and then each hole was loaded and charged with dynamite under the direction of Thomas Cadden, the shift boss, and then he attempted to explode them all by means of a wire leading from each to a battery at a distance; that three of the holes so loaded and charged exploded, and that the other three failed to explode, and that each of the three which so failed to explode remained with wire sticking out of them from twelve to eighteen inches, and were so left by Thomas Cadden at that time;

and that he had no knowledge or information that such wire had been taken or removed from either of such unexploded holes at any time prior to the accident; that on July 17, 1894, Thomas Cadden directed his brother Hugh and the plaintiff to go to blasting upon the particular forehead in question, and informed them that there were holes there unexploded; that from the time of such attempt to explode all of such holes, up to the time he so directed the plaintiff and Hugh to go to work as stated, no work was known to any of the parties to have been done on that particular forehead; that upon examining that forehead the plaintiff and Hugh found two holes with wire protruding, and so concluded that they had missed and failed to explode, and so they went on and exploded them; that the next morning they returned to work on that same forehead, and picked out a place to drill another hole to put a blast into; that they selected what they supposed to be the butt of an old hole, where there had been a shot fired which did not quite go down to the bottom, and scraped it out down to where they thought it was solid, and then put a little water in it, and started to drill it out; that the plaintiff held the drill, and Hugh struck the drill; that when the stuff in the hole got a little thick they swabbed it out, and put in more water, and started to drill again, and that in a short time it exploded and injured the plaintiff; that the butt of a hole is harmless; and that there was no wire protruding from what they supposed to be the butt of a hole, but which turned out to be an unexploded hole. All agree that the wires protruding from the two holes were sufficient warning to the plaintiff and Hugh that neither of those holes had been exploded, even without any warning from the shift boss. The same would have been true if the other unexploded hole had had a wire protruding therefrom. That a wire so protruding was of itself such a warning was well known to the plaintiff and his co-employee, as well as to the shift boss, Thomas Cadden.

No negligence of the defendant can be predicated upon the mere failure of Thomas Cadden to inform the plaintiff and Hugh of the exact number of holes having wire protruding therefrom. If the defendant was negligent at all, it must have been by reason of the failure of Thomas Cadden to inform them that there was an unexploded hole with no wire protruding therefrom. But if the wire was there when he last saw it, and he did not know, and had no reason to believe, that it had been removed, then there was no failure of duty on the part of the defendant. We are constrained to hold that it was error to refuse to submit to the jury this question: "Did the shift boss, Thomas Cadden, know, or have any reason to suppose, prior to the injury to plaintiff, that such wire had been removed?" And also in refusing to instruct the jury that, "if there were wires sticking out of these three unexploded blasts, and were so situated as to be obvious and readily seen, and defendant's shift boss did not know, and had no reason to suppose, that they, or any of them, had been removed, then the failure of defendant's shift boss to notify plaintiff of these unexploded blasts cannot be said to be the proximate cause of the injury, and you should answer the sixth question, 'No.'" So it was error to refuse to submit this question: "Did defendant's shift boss, Thomas Cadden, at the time he set the plaintiff to work on July 17, 1894, know, or could he by the exercise of reasonable diligence have ascertained, that there was an unexploded blast, at the point where he directed plaintiff to work, that did not have a wire sticking out of it?"

There is evidence tending to prove that, when the plaintiff and Hugh were about to commence blasting on the forehead in question, Mr. Rule, who was running the drill, informed both the plaintiff and Hugh to the effect that they must be careful, as there were three holes which had missed, to which they replied, in effect, that they already knew it,

as the shift boss had told them. In view of such evidence, the court should have submitted to the jury the question: "Did Mr. Rule inform plaintiff and his fellow-workman, Hugh Cadden, *or either of them,* prior to the accident, that there were three unexploded blasts at the point where they were then working?" True, the eighth question, submitted, covered the same thing so far as the plaintiff was concerned; but it did not cover it so far as his co-employee was concerned. If the injury was caused by the negligence of his co-employee, then the defendant is not liable.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.